# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Paris Morton, | Case No. 2:23-cv-00818-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| dba Pigeonly; Las Vegas Metropolitan Police Department, | |
| Defendants. | |

Before the Court is *pro se* Plaintiff Paris Morton's motion for appointment of counsel (ECF No. 16), Plaintiff's notice informing the Court that she would like to attempt service on Defendant dba Pigeonly at a different address (ECF No. 19), and Defendant Las Vegas Metropolitan Police Department's ("LVMPD") motion to extend discovery deadlines (ECF No. 21). The Court addresses each in turn.

**I.    Plaintiff's motion for appointment of counsel.**

Plaintiff moves the Court to appoint counsel for her. (ECF No. 19). She explains that she is unable to afford counsel, that the issues in the case are complex, and that she has limited access to the law library, which access she has to pay for. (*Id.*). LVMPD opposes the motion. (ECF No. 20).

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light

1  of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is
2  dispositive and instead must be viewed together." *Id.*
3        The Court denies Plaintiff's motion because it does not find that she has demonstrated
4  exceptional circumstances at this stage of the litigation. While Plaintiff has experienced difficulty
5  accessing legal materials, she has not asserted that she has no ability to access these materials.
6  Additionally, nearly all inmates have to contend with limited access to legal research given the
7  nature of incarceration. Regarding the merits of Plaintiff's claims, it is not clear to the Court
8  whether Plaintiff's case will ultimately succeed because it is in its early stages. Plaintiff has also
9  demonstrated an ability to articulate her claims pro se as demonstrated by the instant motion and
10 her other filings. The Court thus denies Plaintiff's motion for appointment of counsel without
11 prejudice.

12     **II.**    **Plaintiff's notice regarding service.**
13       In compliance with the Court's screening order (ECF No. 3), Plaintiff has requested that
14 the Untied States Marshals Service ("USMS") attempt service on Pigeonly again, using a
15 different address. (ECF No. 19). The Court will thus send Plaintiff another form USM-285 and
16 enter an order regarding service. The Court will also extend the deadline for service because
17 Plaintiff has pointed out that she has limited access to legal resources and is incarcerated, which
18 the Court finds constitutes good cause to extend the deadline for service. *See* Fed. R. Civ. P.
19 4(m).

20     **III.**    **LVMPD's motion to extend discovery deadlines.**
21       LVMPD moves to extend discovery deadlines for ninety days. (ECF No. 21). Plaintiff
22 did not respond to the motion, constituting her consent to the Court granting it under Local Rule
23 7-2(d). The Court finds that LVMPD has demonstrated good cause to extend discovery under
24 Federal Rule of Civil Procedure 16(b)(4) and Local Rule 26-3. However, because the Court
25 modifies certain of the LVMPD's proposed deadlines, it grants the motion in part.
26 ///
27 ///
28 ///

1    **IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 16) is **denied without prejudice.**

    **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send the following to the USMS for service: (1) a copy of this order; (2) a copy of the complaint filed at ECF No. 4; and (3) the summons issued to Pigeonly filed at ECF No. 5.

    **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and a blank copy of the Form USM-285.

    **IT IS FURTHER ORDERED** that Plaintiff shall have until **February 18, 2025,** to send the USMS the completed Form USM-285.

    **IT IS FURTHER ORDERED** that, within twenty-one days after receiving a copy of the Form USM-285 back from the USMS showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

    **IT IS FURTHER ORDERED** that Plaintiff shall have until **April 28, 2025,** to accomplish service. Fed. R. Civ. P. 4(m).

///

///

///

**IT IS FURTHER ORDERED** that LVMPD's motion to extend discovery (ECF No. 21) is **granted in part and denied in part.** It is denied in part only to the extent that the Court modifies the below deadlines. The below deadlines shall govern:

| | |
|---|---|
| Amend pleadings/add parties: | April 7, 2025 |
| Expert disclosures:[1] | April 7, 2025 |
| Rebuttal expert disclosures: | May 6, 2025 |
| Discovery cutoff: | June 5, 2025 |
| Discovery motions: | June 20, 2025 |
| Dispositive motions: | July 7, 2025 |
| Joint pretrial order: | August 6, 2025[2] |

DATED: January 28, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court's initial scheduling order did not include deadlines for expert and rebuttal expert disclosures, but LVMPD's motion does. Because Plaintiff does not oppose, and the Court sees no issue with setting these deadlines, it includes them here. But it modifies the discovery deadline to account for them. Additionally, LVMPD's motion does not include the deadline for discovery motions. So, the Court includes that here.

[2] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.