UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Paris Morton,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>dba Pigeonly; Las Vegas Metropolitan Police Department,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00818-JAD-DJA<br><br>**Order** |

　　　Before the Court are two documents pro se Plaintiff Paris Morton filed that appear to be either replies in support of motions the Court has already ruled on or motions to reconsider those motions. (ECF Nos. 26, 27). Plaintiff titles both documents "replies." One is filed on the docket as a reply, but actually asks the Court to reconsider a prior order. (ECF No. 26). The other is filed on the docket as a motion to reconsider, but appears to simply be a late-filed reply. (ECF No. 27).

　　　The first document is titled "Reply: Deposition Motion" and explains that Plaintiff has received the order granting defendant Las Vegas Metropolitan Police Department's ("LVMPD") motion to depose Plaintiff, but that Plaintiff disagrees with it and would like the Court to reconsider its decision. (ECF No. 26). Plaintiff explains that she never responded to LVMPD's motion to depose her because she never received the motion. Plaintiff does not provide any other reason for the Court to reconsider its decision and does not identify the legal basis under which she seeks this relief. Liberally construing Plaintiff's request, it appears that her request arises under Federal Rule of Civil Procedure 60, under rule which the Court may provide relief from a judgment or order. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "[a] document filed *pro se* is to be liberally construed"). Under Rule 60, in relevant part, a court may relieve a party from an order for the following reasons: (a) mistake, inadvertence, surprise, or

excusable neglect; (b) newly discovered evidence; (c) fraud, misrepresentation, or misconduct by an opposing party; (d) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (2), (3), (6). Relief under the Federal Rule of Civil Procedure 60(b)(6)—providing for relief "for any other reason that justifies relief"—is only available in extraordinary circumstances. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). A motion for reconsideration is properly denied if it presents no new arguments. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Whether to grant reconsideration is in the court's discretion. *See id.*

Plaintiff does not provide any persuasive reasons for the Court to reconsider its motion granting LVMPD's motion to depose her. Plaintiff simply asserts that she was not able to respond to the motion because she did not receive it. But she otherwise provides no reason for the Court to reconsider the motion. While the Court could liberally construe her motion as raising surprise as the reason for reconsideration, Plaintiff provides no reason that the surprise of learning that the Court had granted LVMPD's motion has prejudiced her. So, the Court denies her request to reconsider.

The second document is titled "Reply: Motion to Appoint Counsel." (ECF No. 27). It is filed as a motion to reconsider. However, it does not ask the Court to reconsider its motion denying Plaintiff's motion for appointment of counsel. Instead, Plaintiff clearly states that it is a reply in support of her motion. And to the extent Plaintiff seeks reconsideration through this filing, she provides no basis for that relief. So, the Court denies her motion.

**IT IS THEREFORE ORDERED** that Plaintiff's request that the Court reconsider LVMPD's motion for deposition (ECF No. 26) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to reconsider the Court's order denying her motion for appointment of counsel (ECF No. 27) is **denied.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order.

DATED: March 28, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE