UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Paris Morton,

    Plaintiff

v.

Las Vegas Metropolitan Police Department and Pigeonly,

    Defendants

Case No.: 2:23-cv-00818-JAD-DJA

**Order Denying Motion for Sanctions and Directing Metro to Re-Serve Summary-Judgment Motion**

[ECF No. 38]

    Pro se plaintiff Paris Morton brings this civil-rights action under 42 U.S.C. § 1983, claiming that her First Amendment rights have been violated by the private company that the Las Vegas Metro Police Department (Metro) hired to provide mail services for Clark County Detention Center inmates. Metro moved for summary judgment, contending that Morton failed to obtain any evidence in discovery to support a First Amendment mail-interference claim.[1] Morton responded, but her filing consists of her assertion that she never received Metro's motion.[2] And although she attaches a substantive response, it is not directly responsive (likely because Morton didn't have the motion in the first place).[3] She later filed a "Motion for Failure to Serve," which in substance seeks Rule 11 sanctions based on her belief that Metro has failed to serve her with several litigation documents.[4]

---

[1] ECF No. 32.

[2] ECF No. 35 at 1–3.

[3] Morton also requests additional time under Federal Rule of Civil Procedure 56(d) to obtain the declarations she believes she needs before I rule on Metro's motion. ECF No. 36 at 4. I do not reach that argument at this time. So if she still believes she's entitled to relief under that rule, she must raise that argument in her new response.

[4] ECF No. 38.

Because Metro attached a certificate of mailing to its summary-judgment motion and there is no evidence that it intentionally misrepresented service, I deny Morton's request for sanctions. But because she has stated that she did not receive the motion, I order Metro to re-serve its motion, including all exhibits and Robert W. Freeman's supporting declaration [ECF No. 33] within 48 hours of this order and to file a notice of compliance with this order immediately thereafter.

**Conclusion**

IT IS THEREFORE ORDERED that Morton's motion for Rule 11 sanctions **[ECF No. 38] is DENIED.** IT IS FURTHER ORDERED that **Metro must re-serve its summary-judgment motion and all supporting filings on Morton within 48 hours of this order** and then file a notice of compliance. **Morton has until January 9, 2026, to file a full and proper response to Metro's motion for summary judgment [ECF No. 32]**. Metro's reply brief will then be due in the normal course.

_____
U.S. District Judge Jennifer A. Dorsey
December 5, 2025